NO. 12-01-00357-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




§
 



IN RE: SENIOR LIVING PROPERTIES,

L.L.C. AND SLP MANAGEMENT, INC.,
§
 ORIGINAL PROCEEDING

RELATORS


§
 







 Senior Living Properties, L.L.C. and SLP Management, Inc. ("Relators") bring this petition
for writ of mandamus complaining of the trial court's order requiring Relators to present a corporate
representative with knowledge of certain insurance related issues for deposition. For the reasons
discussed below, we deny Relators' petition.


Background


 In the underlying lawsuit, Plaintiff Vicki Thacker ("Thacker"), individually, as representative
of all wrongful death beneficiaries, and as legal heir and representative of the estate of Clara
Thacker, deceased, alleges that the deceased sustained injuries while a resident at Upshur Manor
Nursing Home in Glimer, Texas and that the deceased's injuries were caused, in part, by Relators'
failure to provide competent and adequate staffing at the facility. In her original petition, Thacker
sought disclosure of any indemnity or insuring agreements pursuant to Texas Rule of Civil Procedure
194.2(g). Tex. R. Civ. P. 194.2(g). Subsequently, Thacker served the following interrogatory on
Relators:


 With regard to any insurance policy which provides coverage to Defendant for any injuries made the
basis of this claim: (a) identify all applicable policies by name of the insurer and policy period; and
(b) state the number of claims and the total amount of erosion for each applicable policy period.


On August 20, 2001, Relators, through their counsel, lodged several objections to this interrogatory
and referred Thacker to its responses to Thacker's request for disclosure. It is undisputed that copies
of all but one of the applicable insurance policies were ultimately provided to Thacker. 

 On October 30, 2001, Relators' counsel filed a motion to withdraw from the case due to
Relators' failure to pay fees and expenses, which was granted on November 5. On November 6,
2001, Thacker filed an Emergency Motion to Compel the Deposition of the Person with Knowledge
of Relevant Insurance. In this motion, Thacker argued that based on Relators' failure to respond to
the above-referenced interrogatory and Relators' attorneys' withdrawal due to Relators' failure to
pay fees and expenses, the court should order the deposition of Relators' corporate representative
with the most knowledge of the following:


 a) the extent to which insurance has been eroded or compromised;


 b) the number of claims competing for the coverage applicable to the lawsuit;


 c) the degree to which present coverage is impaired by reason of the size of the Self Insured Retention
aggregate applicable to this claim; and


 d) the financial ability of said Defendants to satisfy its Self Insured Retention under the relevant
insurance policies applicable to the claims made the basis of this lawsuit. 


 On November 26, 2001, the trial court held a hearing on Thacker's motion. In addition to
the grounds presented in the motion, Thacker argued at the hearing that a deposition was appropriate
because she had determined that the numbers on the polices produced in this case were the same
numbers on polices that were the subject of a federal lawsuit involving another insured that resulted
in coverage being voided for that insured. In sum, Thacker asserted:


 And all we're asking the Court, Your Honor, is for the defendant to designate a representative that we
can take the deposition of to find out what the situation is with insurance including what kind of
erosion is going on with the policy that may be covering this case, whether or not it's involved in that
federal lawsuit, and also any SIR that may be involved. We don't know if this company is fixing to
go down or what's happening and we just need to get some information and we didn't know any other
way to do it but to ask the Court to let us have this deposition quickly. 


Thereafter, on November 28, 2001, the trial court signed an order granting Thacker's motion and
directing Relators to produce for deposition a corporate representative who has the most knowledge
of the following:


 a) all insurance coverage applicable to this lawsuit;


 b) the extent to which insurance has been eroded or compromised, including but not limited to the
number of claims competing for the coverage applicable to this lawsuit;


 c) the effect, if any, of any pending litigation that would affect coverage in this case; and


 d) information as to the Self Insured Retention applicable to this case and if any insurance coverage
is impaired in any way as a result of the SIR. 


On December 3, 2001, the Relators filed a petition for writ of mandamus (1) asking this court to direct
the trial court to withdraw and vacate its November 28 order and to enter an order denying Thacker's
motion to compel. 


Standard of Review


 A writ of mandamus will issue "only to correct a clear abuse of discretion or the violation
of a duty imposed by law when there is no other adequate remedy by law." Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). "A trial court clearly abuses its discretion if 'it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" Id. (quoting
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)). Further, "[a] trial court
has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear
failure to analyze or apply the law correctly will constitute an abuse of discretion, and may result in
appellate reversal by extraordinary writ." Id. at 840.


May A Party Discover Only The Existence 


And Contents Of Insuring Agreements?


 In their first issue, Relators assert that, pursuant to Rule 192.3(f) of the Texas Rules of Civil
Procedure, a party may discover only the existence and contents of insuring agreements. According
to Relators, therefore, the trial court abused its discretion by ordering them to present a corporate
representative to testify to the matters specified in the November 28 order. We disagree.

 Rule 192.3(f) provides as follows:


 (f) Indemnity and Insuring Agreements. Except as otherwise provided by law, a party may obtain
discovery of the existence and contents of any indemnity and insuring agreement under which any
person may be liable to satisfy part or all of a judgment rendered in this action or to indemnify or
reimburse for payments made to satisfy the judgment. Information concerning the indemnity or
insurance agreement is not by reason of disclosure admissible in evidence at trial.


Tex. R. Civ. P. 192.3(f). By authorizing discovery of the existence and contents of insuring
agreements, we do not interpret Rule 192.3(f) to preclude any further discovery on insurance issues
should the facts of a particular case warrant such discovery. Rather, the rule provides for a certain
minimum level of discovery on insurance issues in keeping with the rule in Texas that discovery of
such information, while typically not admissible, "is needed to determine settlement and litigation
strategy." Carroll Cable Co. v. Miller, 501 S.W.2d 299, 299 (Tex. 1973) (orig. proceeding). In the
trial court, Thacker presented the reasons referenced above as grounds for the discovery of insurance
information beyond that explicitly authorized by 192.3(f). Because we conclude that Rule 192.3(f)
does not preclude discovery of the information sought by Thacker, we cannot hold that the trial court
abused its discretion in entering the November 28 order.

 Under this issue, Relators also contend that "discovery of settlement amounts . . . would tend
to have a chilling effect on parties' willingness to settle." We do not read the November 28 order
to require the disclosure of settlements in individual cases. Instead, the order requires Relators to
present a deponent who can testify concerning the extent to which coverage has been eroded or
compromised and the number of claims competing for the coverage. Should Thacker ask questions
in the deposition calling for the disclosure of individual settlement amounts, Relators' counsel may
instruct the witness not to answer and obtain a ruling from the trial court. Tex. R. Civ. P. 199.5(f);
199.6. For the foregoing reasons, issue one is overruled.


Does The November 28 Order Require The


Disclosure of Privileged Information?


 In issue two, Relators contend that the trial court abused its discretion because the November
28 order requires disclosure of information protected by the attorney client and work product
privileges. (2) More specifically, Relators argue that the order "purports to compel disclosure of
Relators' evaluations of potential liability and exposure in connection with all pending claims and
litigation." We disagree. 

 None of the four provisions in the order appear, on their face, to require disclosure of
privileged information. Further, Relators' contention concerning the disclosure of privileged
information is premature. If Thacker asks questions calling for the disclosure of privileged
information, Relators' counsel may instruct the witness not to answer on the basis of privilege and
request a hearing at which Relators must present evidence to support the asserted privilege. Tex.
R. Civ. P. 199.5 (f); 199.6. In short, at this stage in the proceeding, the trial court has not had the
opportunity to hold an evidentiary hearing and to rule on the propriety of a particular objection. 
Simply because a question might be asked at the deposition that calls for the disclosure of privileged
information does not lead to the conclusion that the November 28 order was an abuse of the trial
court's discretion. Issue two is overruled.


Does The November 28 Order Violate


Relators' Due Process Rights?


 In issue three, Relators complain that the portion of the trial court's order concerning the
"effect, if any, of any pending litigation that would affect coverage in this case" violates due process
because such information was neither requested in Thacker's motion to compel nor argued at the
hearing on the motion. Thacker asserts that this portion of the order arose out of the discussion of
the federal litigation at the hearing. Having reviewed the record of the hearing, we agree with
Thacker that the discussion of the federal litigation resulted in the complained of portion of the order. 
Relators did not lodge a due process objection at the hearing to consideration of the federal litigation. 
Accordingly, Relators failed to preserve this issue for our review. Tex. R. App. P. 33.1(a)(1)(A). 
Further, Relators had the opportunity to be heard on this issue. Mullane v. Central Hanover Bank
& Trust Co., 399 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 2d 865 (1950) ("'The fundamental
requisite of due process is the opportunity to be heard.'" (citation omitted)). Thus, we discern no
violation of due process. Issue three is overruled.


Conclusion


 Based on the foregoing, Relators' petition for writ of mandamus is denied and the stay of the
November 28 order is lifted. 


 JIM WORTHEN

 Justice


Opinion delivered January 16, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.







(PUBLISH)


1. Relators also filed an emergency motion to stay the operation of the November 28 order, which we
granted pending further action by this court.
2. Although not the basis for our decision, we note that Relators failed to assert the attorney client privilege
or the work product privilege at the hearing on Thacker's motion. Tex. R. App. P. 33.1(a)(1)(A).